IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| Children's Health Defense, *et al.*, | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | No. 20-70297 |
| | ) | |
| Federal Communications Commission and United States of America, | ) | |
| Respondents. | ) | |

**REPLY IN SUPPORT OF MOTION TO TRANSFER
AND RESPONSE TO MOTION FOR AFFIRMATIVE RELIEF**

Pursuant to Federal Rule of Appellate Procedure 27(a)(3)(B), the Federal Communications Commission (FCC or Commission) responds to Petitioners' Motion for Affirmative Relief and, in the Alternative, Opposition to Motion to Transfer (Opp.).

Petitioners concede that proceedings have been instituted in two courts of appeals challenging the FCC order under review,[1] and that the first petition for review of the *Order* was filed in the United States Court of Appeals for the District of Columbia Circuit. Opp. 2-3. Petitioners contend, however, that the Court lacks the power to transfer their petition to the D.C. Circuit in accordance with 28 U.S.C. § 2112 because both petitions may be "premature" and subject to dismissal. *Id.* 3.

---

[1] *Proposed Changes in the Commission's Rules Regarding Human Exposure to Radiofrequency Electromagnetic Fields*, Resolution of Notice of Inquiry, Second Report and Order, Notice of Proposed Rulemaking, and Memorandum Opinion and Order, FCC 19-126 (released Dec. 4, 2019) (*Order*).

That is wrong. Section 2112 is a mechanical rule that requires transfer to the court in which the record is to be filed (in this case the court of first filing) regardless of whether the petitions that have been filed may be subject to dismissal, for prematurity or any other reason.

**1.** 28 U.S.C. § 2112(a)(5) provides that "[a]ll courts in which proceedings are instituted with respect to the same order, other than the court in which the record is filed pursuant to this subsection, shall transfer those proceedings to the court in which the record is so filed." Under 28 U.S.C. § 2112(a)(1), if, "within ten days after issuance of the order" petitions are filed in "at least two courts of appeals," *id.* § 2112(a)(1), the judicial panel on multidistrict litigation determines the court in which the record is to be filed using a "means of random selection." *Id.* § 2112(a)(3). If, within the same ten days, a petition is filed "in only one court of appeals," the agency "shall file the record in that court." *Id.* § 2112(a)(1). In "*all other cases* in which proceedings have been instituted in two or more courts of appeals with respect to the same order, the agency … shall file the record in the court in which proceedings with respect to the order were first instituted." *Id.* § 2112(a)(1) (emphasis added).

Section 2112 thus establishes a comprehensive scheme that provides "a mechanical rule easy of application to avoid confusion and duplication by the courts." *N.L.R.B. v. Bayside Enterprises, Inc.*, 514 F.2d 475, 476 (1st Cir. 1975);

*Superior Industries Int'l, Inc. v. N.L.R.B.*, 865 F.2d 1, 2 (1st Cir. 1988) ("§ 2112 is intended to be a mechanical rule for determining which court should determine venue in the case of conflicting petitions for review."). Except when petitions are filed within 10 days after issuance of the agency's order, the agency *must* file the record in the court of first filing, and other courts must transfer later-filed petitions to that court.

These provisions require transfer of this case to the D.C. Circuit. There is no dispute that proceedings have been instituted in two or more courts of appeals with respect to the FCC order under review. Opp. at 2. There is also no dispute that the petition for review filed in the D.C. Circuit was filed before that of Petitioners. *Id.* & n.2. And there is no dispute that neither petition was filed within 10 days after the *Order*'s December 4, 2019 release. Accordingly, Section 2112(a) requires the FCC to file the record in the D.C. Circuit, and requires this Court to transfer this case to the D.C. Circuit.

Petitioners argue that "issuance of the order" may not yet have occurred because the *Order* has not yet been published in the Federal Register, and that therefore the ten-day window for triggering a judicial lottery may not yet have commenced. Opp. at 4-11. In Petitioners' view, Section 2112(a)(5)'s transfer obligation "comes into play only after the 10-day lottery period has expired and venue has been determined under (a)(1) and/or (a)(3)." Opp. at 2. That is incorrect.

With the exception of cases filed "within 10 days *after* issuance of the order," paragraph (1) requires the agency to file the record in the court of first filing in "*all … cases* in which proceedings have been instituted in two or more courts of appeals with respect to the same order." 28 U.S.C. § 2112(a)(1) (emphasis added). The petitions were filed well beyond ten days of the *Order*'s release, and well before the *Order*'s publication in the Federal Register. Thus, even under Petitioners' view, neither petition was filed "within ten days after issuance of the *Order*." *Id*. The judicial lottery provisions of Section 2112(a)(3) accordingly do not apply, and the first-filed rule, which governs "[i]n all other cases," *id*. § 2112(a)(1), requires that this case be transferred to the D.C. Circuit. *Id*. § 2112(a)(5).

**2.** Petitioners raise the possibility that because the petitions for review have been filed before Federal Register publication of the *Order*, "there has been no 'first valid petition for review' for purposes of 28 U.S.C. §2112." Opp. at 4 (citation omitted); *id*. at 5 (suggesting it might be argued that "both cases are 'premature' and must be dismissed"). But courts consistently have recognized that questions as to the validity of petitions for review are for the court where the first petition was filed, *after* proceedings have been transferred to that court. *Superior Industries Int'l*, 865 F.2d at 2 ("Although the Company has questioned the validity of the first-filed petition for review, it is for the court where the first petition was

filed to assess its validity or invalidity, and to act accordingly."); *J.P. Stevens & Co., Inc. v. N.L.R.B.*, 592 F.2d 1237, 1239 (4th Cir. 1979) (although there were serious questions regarding the priority of the first-filed petition for review, the court in which the second petition was filed would transfer it to the first court); *Bayside Enterprises*, 514 F.2d at 476 (transfer to court of first filing was proper despite possibility "that the claim of venue in that circuit is frivolous."); *Valley Vision, Inc. v. FCC*, 383 F.2d 218, 219 (D.C. Cir. 1967) (transferring to court of first filing "despite our belief that the District of Columbia Circuit has exclusive jurisdiction to review the challenged order"). In short, it is for the D.C. Circuit to resolve any questions as to the validity of Petitioners' petition after it has been transferred to that court.[2]

**3.** Finally, Petitioners' allegations that the Commission is acting in bad faith to delay or avoid "judicial review by *any* court of appeals" (Opp. at 1; *see id.* at 4-5, 10-11) are wholly without basis. Federal Register publication requires coordination between the agency and the Office of the Federal Register and may sometimes be delayed for any number of routine reasons, including the need for review and the press of other business. Contrary to Petitioners' allegations (Opp. at

---

[2] Petitioners of course remain free to file a petition for review after publication of the *Order* in the Federal Register if, as they believe, the current petition is premature. But there is no basis to permit their current petition to remain in this court to await that possibility.

4), the FCC has submitted materials to the Office of the Federal Register for publication of the *Order*, after which the FCC will seek Office of Management and Budget approval for the portion of the *Order* that contains information collection requirements subject to the Paperwork Reduction Act of 1995. *See Order* ¶ 166. But as we have explained, Section 2112(a) governs transfer where proceedings have been instituted for review of an agency order in two or more courts of appeals, whether or not the order has been published in the Federal Register.

## CONCLUSION

For the foregoing reasons, the Court should transfer this case to the D.C. Circuit.

Respectfully submitted,

Ashley S. Boizelle
Deputy General Counsel

Richard K. Welch
Deputy Associate General Counsel

/s/ William J. Scher

William J. Scher
Counsel
Federal Communications Commission
Washington, DC  20554
(202) 418-1740

February 28, 2020

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   ☒ this document contains <u>1318</u> words, *or*

   ☐ this document uses a monospaced typeface and contains <u> </u> lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word 2016</u> in <u>14-point Times New Roman</u>, *or*

   ☐ this document has been prepared in a monospaced spaced typeface using <u>                         </u> with <u>              </u>.

<u>s/ William J. Scher</u>

William J. Scher
Counsel

Federal Communications Commission
Washington, D.C. 20554
(202) 418-1740