# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Case No. 20-70297

Children's Health Defense, *et al*.,

                                                                Petitioner,

vs.

Federal Communications Commission
and United States of America,

                                                                Respondents.

**BRIEF OF *AMICI CURIAE* ENVIRONMENTAL HEALTH TRUST, CONSUMERS FOR SAFE CELL PHONES, ELIZABETH BARRIS, AND THEODORA SCARATO IN SUPPORT OF TRANSFER OF FCC'S *NOI RESOLUTION* TO THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

                                             Edward B. Myers
                                             Law Office of Edward B. Myers
                                             14613 Dehaven Court
                                             North Potomac, MD 20878
                                             Phone: 717-752-2032

                                             *Counsel for Amici Environmental Health Trust, Consumers for Safe Cell Phones, Elizabeth Barris, and Theodora Scarato*

Dated: March 13, 2020

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ............................................................................ ii

CORPORATE DISCLOSURE STATEMENT ....................................................... iii

CORPORATE DISCLOSURE STATEMENT ....................................................... iv

STATEMENT OF INTEREST .......................................................................... 1

INTRODUCTION ........................................................................................ 4

ARGUMENT .............................................................................................. 5

    I.    Section 2112's First-In-Time Provision Applies Because No Aggrieved Party Filed A Petition for Review Within the 10-Day Lottery Window ........................................................................ 5

    II.    Section 2112's First-In-Time Provision Was Triggered on December 4, 2019 Because the FCC's *NOI Resolution* Is Deemed a Non-Rulemaking Under 47 C.F.R. § 1.4(b) ........................ 6

CONCLUSION ............................................................................................ 8

CERTIFICATE OF SERVICE ......................................................................... 9

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION ................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                     **Page(s)**

*Fox TV Stations, Inc. v. FCC*,
   280 F.3d 1027 (D.C. Cir. 2002) ....................................................................... 8

*Midwest Video Corp. v. United States*,
   362 F.2d 259 (8th Cir. 1966) ........................................................................... 7

*Small Bus. In Telecomms v. FCC*,
   251 F.3d 1015 (D.C. Cir. 2001) ....................................................................... 7

*Western Union Tel. Co. v. FCC*,
   773 F.2d 375 (D.C. Cir. 1985) ......................................................................... 6

**Statutes**

28 U.S.C. § 2112 ....................................................................................... *passim*
28 U.S.C. § 2244 ........................................................................................... 5, 6
47 U.S.C. § 405 ................................................................................................. 6

**Other**

47 C.F.R § 1.103 ............................................................................................... 6
47 C.F.R. § 1.4 ........................................................................................ 1, 4, 6, 7
47 C.F.R. § 1.430 .............................................................................................. 7

## CORPORATE DISCLOSURE STATEMENT

Pursuant to the United States Court of Appeals for the Ninth Circuit Rule 29 and Fed. R. App. P. 29 (a)(4)(A) and 26.1, the Environmental Health Trust ("EHT") hereby submits this Corporate Disclosure Statement. EHT is a non-profit educational and research organization focused on the need to protect the environment and public health. EHT issues no stock, has no parent corporation, and is not owned in whole or in part by any publicly held corporation.

/s/ Edward B. Myers
Edward B. Myers

*Counsel for Amici Environmental Health Trust, Consumers for Safe Cell Phones, Elizabeth Barris, and Theodora Scarato*

March 13, 2020

## CORPORATE DISCLOSURE STATEMENT

Pursuant to the United States Court of Appeals for the Ninth Circuit Rule 29 and Fed. R. App. P. 29 (a)(4)(A) and 26.1, the Consumers for Safe Cell Phones ("CSCP") hereby submits this Corporate Disclosure Statement. CSCP is a non-profit educational and advocacy organization focused on the need to protect the environment and public health. CSCP issues no stock, has no parent corporation, and is not owned in whole or in part by any publicly held corporation.

/s/ Edward B. Myers
Edward B. Myers

*Counsel for Amici Environmental Health Trust, Consumers for Safe Cell Phones, Elizabeth Barris, and Theodora Scarato*

March 13, 2020

## STATEMENT OF INTEREST

Pursuant to Fed. R. Civ. P. 29 and Circuit Rule 29, the Environmental Health Trust, Consumers for Safe Cell Phones, Elizabeth Barris, and Theodora Scarato ("D.C. Petitioners") hereby submit the following brief *amicus curiae* in response to the recent briefing (Dkts. #10, #11, #13, #15) by the parties to the litigation pending in this Court regarding the jurisdictional disposition of the petition for review (Dkt. #1) and the request of the Respondent, Federal Communications Commission ("FCC" or "Commission"), to transfer the matter to the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") pursuant to 28 U.S.C. § 2112 ("Section 2112").

The petition for review in this Court challenges an order recently issued by the FCC. As indicated in the parties' recent briefing, the D.C. Petitioners filed a similar petition for review in the D.C. Circuit (20-1025) prior to the submission of the petition in this Court. Accordingly, the D.C. Petitioners have a strong interest in how the jurisdictional and transfer issues are resolved by this Court.

In particular, both petitions challenge, among other decisions in the FCC's order, the Commission's "*Resolution of Notice of Inquiry*" ("*NOI Resolution*"). Under that item, the FCC rejected calls to update quarter-century old standards setting safe exposure levels to radiofrequencies ("RF") emitted from telecom facilities and equipment, including cell phones and towers. The FCC denied

1

numerous requests to review and strengthen such standards despite extensive peer-reviewed scientific research published in the last twenty years demonstrating that those exposure standards are not, in fact, protective of public safety and health. This is of particular concern to the D.C. Petitioners given that the FCC has not explained how the current standards would protect human health and the environment as telecom carriers rush to deploy countless 5G antennas throughout residential neighborhoods and other public spaces.

It is imperative, therefore, that any judicial review of the *NOI Resolution* begin immediately in the proper circuit court and not be subject to any further delays. Not surprisingly, the D.C. Petitioners have watched with growing concern the infighting between the parties in this case involving matters that have nothing to do with *NOI Resolution*, including proposals that would significantly delay judicial review of the *NOI Resolution* on the merits. Specifically, neither party appropriately addresses how this Court should handle the transfer and jurisdictional issues associated with the *NOI Resolution*. Indeed, the briefing to date leaves the impression that there is an open question. There is not. As demonstrated in this *amici* brief, it is clear under federal law, the FCC's own regulations, and by virtue of the D.C. Petitioners' first-in-time filing, that the *NOI Resolution* must be separated from any other items that were included in the

Commission's order and transferred immediately to the D.C. Circuit for further proceedings.

Indeed, the D.C. Petitioners all filed comments in the *NOI* proceedings and have direct and compelling interests in ensuring that the *NOI Resolution* will be subject to judicial review in a timely manner. Both the Environmental Health Trust and Consumers For Safe Cell Phones are non-profit organizations dedicated to educating the public about the dangers of RF, including health and environmental risks posed by the new 5G environment. At a minimum, their interests have been harmed as the FCC failed to provide in the *NOI Resolution* any information or analysis that could be used to further educate the public as to whether the current RF standards are adequately protective. Further, both Elizabeth Barris and Theodora Scarato have been personally impacted by the Commission's outdated RF standards. Ms. Barris suffers from significant health impacts as she is sensitive to RF emitted from cell phones, RF antennas, and other equipment. Similarly, Ms. Scarato and her family have been forced to make costly and life-changing decisions to protect their children from various RF exposures.

The D.C. Petitioners therefore respectfully submit the following *amici* brief regarding the transfer of the *NOI Resolution* to the proper circuit court.[1]

---

[1] All parties consent to the filing of this brief. No party's counsel authored this brief in whole or in part, and no party, party's counsel, or person other than D.C. Petitioners contributed money to fund preparing or submitting this brief.

## INTRODUCTION

The Commission's "order" (FCC 19-126) challenged by Petitioners before this Court is a single document that contains four separate decisions, orders, or actions of the Commission. As such, this Court must treat each item separately for purposes of determining whether it may maintain jurisdiction over a given decision or must transfer it to another circuit.

As discussed below, one of those items—the *NOI Resolution*—must be immediately transferred from this Court to the D.C. Circuit. This is so because the first petition for review challenging the *NOI Resolution* was filed by the D.C. Petitioners in the D.C. Circuit, and both Section 2112 and the FCC's regulations unquestionably establish that this first-in-time filing places jurisdiction over the *NOI Resolution* in the D.C. Circuit for purposes of transfer and submission of the administrative record. See 28 U.S.C. § 2112 and 47 C.F.R. § 1.4(b). Such transfer must occur now, regardless of how this Court resolves any disputes over the jurisdiction and ripeness of any other items.

Indeed, the D.C. Petitioners, as well as the public health and safety, will be prejudiced if a prompt review of the *NOI Resolution* is delayed any further by jurisdictional and procedural wrangling among the parties in this litigation.

## ARGUMENT

**I. Section 2112's First-In-Time Provision Applies Because No Aggrieved Party Filed A Petition for Review Within the 10-Day Lottery Window**

Pursuant to Section 2112, if multiple petitions for review are filed in different circuit courts within the first 10 days after issuance of an agency action, then those petitions are placed into a lottery to determine which circuit assumes jurisdiction and where the administrative record must be filed. 28 U.S.C. § 2112(a)(3). However, if no petition for review is filed within that initial 10-day period, then the first petition to be filed after 10 days wins the "race to the courthouse" and jurisdiction falls within the circuit in which the first such petition was filed. 28 U.S.C. § 2112(a)(1).

It is undisputed here that no "aggrieved party," as that term is applied under 28 U.S.C. § 2244, filed a petition for review in any federal circuit court within 10 days after the order was released by the FCC on December 4, 2019. Moreover, no party contests the fact that the D.C. Petitioners effectively won "the race to the courthouse" by being first-in-time to challenge the FCC's order, including the *NOI Resolution*, when it filed its petition for review on January 31, 2020. Indeed,

Petitioners in the instant action did not file their petition for review in this Court until two days later, on February 2, 2020.[2]

Accordingly, the only question that remains is whether the first-in-time provision was triggered by the order's release date of December 4, 2019 or "aggrieved persons" must await some future event (e.g., publication of the order in the Federal Register). As demonstrated below, it is undoubtedly the former.

### II. Section 2112's First-In-Time Provision Was Triggered on December 4, 2019 Because the FCC's NOI Resolution Is Deemed a Non-Rulemaking Under 47 C.F.R. § 1.4(b)

The FCC's regulations at 47 C.F.R. § 1.4(b) ("Section 1.4(b)") establish when Section 2112 is triggered for purposes of the initial 10-day lottery period and the subsequent first-in-time provision.[3] Under Section 1.4(b)(2), the issuance date for non-rulemaking FCC orders—which triggers the Section 2112 clock—is the day the order is "released" by the FCC, *i.e.*, the date the text of the order is made public. *See* § 1.4(b)(2), Example 3 (release date is date text of order is made

---

[2] The D.C. Petitioners and Petitioners filed their respective petitions for review within 60 days of the December 4, 2019 release date. *See* 28 U.S.C. § 2244 (setting 60-day deadline for petitions for review for challenges to FCC orders).

[3] *See* 47 U.S.C. § 405 ("The time within which a petition for review must be filed . . . shall be computed from the date upon which the Commission gives public notice . . ."); 47 C.F.R § 1.103(b) ("Commission action shall be deemed final, for purposes of seeking reconsideration at the Commission or judicial review, on the date of public notice as defined in §1.4(b) of these rules."); *Western Union Tel. Co. v. FCC*, 773 F.2d 375, 379 (D.C. Cir. 1985) (public notice date determined by Section 1.4(b) used as date for purposes of Section 2112).

public). By contrast, for FCC rulemakings, the issuance date and Section 2112's trigger fall on the day the order is published in the Federal Register. *See* § 1.4(b)(1).

The *NOI Resolution's* issuance date under Section 1.4(b)(2) is December 4, 2019 because it is a "non-rulemaking document[] released by the Commission or staff[.]"[4] The *NOI Resolution's* corresponding "Ordering Clause," FCC 19-126 at ¶ 168, identifies the *NOI Resolution* as a non-rulemaking. In particular, it cites to 47 C.F.R. § 1.430 because the *NOI Resolution* is part of a "Notice of Inquiry" proceeding that did not and will "not result in the adoption of rules." 47 C.F.R. § 1.430. Finally, the substance of the *NOI Resolution* itself cannot be construed as a rulemaking. *See NOI Resolution*, FCC 19-126 at ¶ 10 ("[W]e find no appropriate basis for and thus decline to initiate a rulemaking to reevaluate the existing RF

---

[4] To the extent this Court believes that orders other than the *NOI Resolution* challenged by Petitioners are not ripe for review under Section 2112 and Section 1.4(b), the Court should immediately transfer the *NOI Resolution* to the D.C. Circuit and, separate and apart from that transfer, either address the other orders independently or also transfer them to the D.C. Circuit, thereby permitting any challenge to their ripeness in that Court. Indeed, federal circuit courts address FCC orders independently of one another, even if they are related or released in tandem. *Small Bus. In Telecomms v. FCC*, 251 F.3d 1015, 1021-22 (D.C. Cir. 2001) (declining to consider two orders from the same FCC docket as one for purposes of determining timely judicial review); *Midwest Video Corp. v. United States*, 362 F.2d 259, 260-61 (8th Cir. 1966) (transferring a petition for review of an FCC order to the D.C. Circuit under Section 2112 where the issues in that order were not sufficiently related to an existing FCC order under review by the 8th Circuit).

7

exposure limits."); *see also Fox TV Stations, Inc. v. FCC*, 280 F.3d 1027, 1035-38 (D.C. Cir. 2002) (acknowledging that NOI announcing agency decision to decline to propose new rules is not a rulemaking despite being appealable) .

Accordingly, Section 2112's first-in-time provision clearly began to run on December 5, 2019. As the first to file a petition in a federal circuit court after the initial 10-day lottery period expired, the D.C. Petitioners secured their right, as to the *NOI Resolution*, to immediate transfer and entry of the accompanying administrative record in the D.C. Circuit. Indeed, Section 2112 demands it. 28 U.S.C. § 2112(a)(5) ("the court . . . shall transfer").

## CONCLUSION

This Court must transfer review of the *NOI Resolution* to the D.C. Circuit so that the D.C. Petitioners may obtain timely review of that decision.

8

## CERTIFICATE OF SERVICE

I, Edward B. Myers, certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Edward B. Myers
Edward B. Myers

*Counsel for Amici Environmental Health Trust, Consumers for Safe Cell Phones, Elizabeth Barris, and Theodora Scarato*

March 13, 2020

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

Pursuant to Fed. R. App. P. 32(g)(1), I certify This document complies with the type-volume limit of Fed. R. App. P. 29(a)(5) because it contains 1,868 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman font size 14.

/s/ Edward B. Myers
Edward B. Myers

*Counsel for Amici Environmental Health Trust, Consumers for Safe Cell Phones, Elizabeth Barris, and Theodora Scarato*

March 13, 2020